IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, August 10, 2012

# LEAH AUSTIN v. A-1USED RESTAURANT EQUIPMENT, INC.

**Appeal from the Circuit Court for Washington County**
**No. 29014      Hon. Jean Stanley, Judge**

**No. E2011-02323-COA-R3-CV-FILED-SEPTEMBER 13, 2012**

Plaintiff purchased a vent hood from defendant. The hood was paid for at the time of purchase and delivered, but was returned to defendant as being unworkable. Plaintiff brought this action for reimbursement of payment for the hood in Sessions Court. Sessions Court entered a Judgment for plaintiff and defendant appealed to the Circuit Court. The Circuit Judge entered Judgment for the plaintiff for $3,500 for the amount paid for the hood to defendant. On appeal, we affirm the Trial Court's Judgment.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Robert L. Foster, Greeneville, Tennessee, for the appellant, A-1 Restaurant Equipment, Inc..

Leah N. Austin, *pro se*.

## OPINION

Plaintiff, Leah Austin, along with her husband, Jace Dunlop, filed suit in General Sessions Court against defendant, alleging a breach of contract in that defendant had sold them a vent hood for $3,500 that did not work, and had also failed and refused to deliver some tables worth $650. Austin and Dunlop obtained a judgment of $4,150 in General Sessions Court against defendant, and defendant appealed to Circuit Court.

The Circuit Judge held a hearing, but Dunlop did not appear so his claim was dismissed. The Court awarded Austin a $3,500 judgment for the vent hood, and found that although she did not sign the contract for purchase of the hood, she did pay for it. The Court found that after delivery, Austin discovered the vent hood was not useable and contacted defendant, who accepted return of the hood. The Court found that defendant's salesman told plaintiff that her money would be refunded, but on her third trip to the store to get her money, she was told that she could not have a refund, but could get an in-store credit. The Court held that plaintiff did not sign the contract which limits her recovery to in-store credit. The Court also found that plaintiff did not prove that there were undelivered tables. Defendant filed a Notice of Appeal.

The Statement of the Evidence sets forth that once Dunlop was dismissed for failure to prosecute, defendant made a motion to dismiss Austin's claim as well because she was not a party to the contract, but the Court denied the motion. The invoice for the vent hood was introduced as an exhibit, and it shows that it is addressed to and signed by Jace Dunlop only. The same is true for the packing slip, introduced. Austin testified that she was present when the vent hood was purchased, and that the vent hood was found to be unusable after delivery. She testified that she talked to defendant's salesman, Larry, who told her she could get a refund. She testified she had paid for the vent hood with her own funds.

Austin further testified she was eventually told that she would not receive a refund, and the invoice shows that the return policy is for in-store credit only. Since Austin did not sign the same, Austin testified that she was no longer in the restaurant business, and did not need a credit, but needed her money back. She testified that neither she nor her husband had attempted to utilize the in-store credit.

James Goad, president of A-1 Used Restaurant Equipment, testified that the contract for purchase of the vent hood was with Dunlop, and he admitted that it was paid in full, but stated that he did not know who paid for the hood. Goad testified that Dunlop had an in-store credit for the hood, and that he was not aware of anyone telling Austin she could receive a refund, although he admitted that he had a salesman named Larry. Goad further testified that the hood was later resold.

At the close of the proof, defendant made another motion to dismiss based on lack of a written agreement, but the court denied the motion.

The issue on appeal is whether the Trial Court erred in giving plaintiff a judgment because a) there was no enforceable contract with plaintiff and b) if there was, defendant limited its remedy to in-store credit?

Defendant argues that the Court erred in finding that a legally enforceable contract existed between plaintiff and defendant, because she was not a party to the written contract. Defendant relies upon Tenn. Code Ann. §47-2-201, which states that a contract for the sale of goods over $500 is not enforceable unless there is a sufficient writing signed by the party against whom enforcement is sought. Tenn. Code Ann. §47-2-201 goes on to state, however, that a contract which does not satisfy this requirement can still be enforceable if the parties admit that such a contract for sale was made, or if the payment for the goods was made and accepted, or if the goods were received and accepted. Tenn. Code Ann. §47-2-201(3).

In this case, defendant admitted that the vent hood was ordered and delivered, and was paid for in full. Defendant also admitted that the hood was allowed to be returned as unusable. Defendant argues, however, that its only contract was with Dunlop.

Plaintiff testified that she was present when the hood was purchased, and that she paid for it with her own funds. Plaintiff testified that the hood was delivered, and was allowed to be returned as unusable. Defendant's president, Mr. Goad, admitted that the hood was paid for in full, but stated that he did not know who paid for it. Thus, plaintiff's testimony that she paid for the hood from her own funds is undisputed.

The Trial Court did not err in finding that a contract for sale of the vent hood existed between plaintiff and defendant. The contract does not fail for lack of a writing, because payment for the goods was made and accepted, as admitted by both parties, and both parties admit that the hood was delivered, accepted, and then returned as unusable. Thus, the contract falls within the exception of Tenn. Code Ann. §47-2-201(3). We hold the Trial Court properly enforced the contract for the sale of the vent hood between these parties.

Finally, defendant argues that plaintiff is limited to the remedy of in-store credit, but admits that this was a policy that was stated in the invoice which was only signed by Dunlop. As the Trial Court found, plaintiff did not sign the invoice, and when she talked to the salesman about returning the hood, she was told she would receive a refund. The Trial Court properly found that plaintiff's remedy was not limited by the invoice she did not sign, and awarded her a judgment for the price of the vent hood.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to A-1 Used Restaurant Equipment, Inc.

_____
HERSCHEL PICKENS FRANKS, P.J.

-3-